UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ROSALES,<br><br>                       Petitioner,<br>    vs.<br><br>ROBERT HOREL, Warden,<br><br>                       Respondent. | CASE NO. 06 CV 2327 JM (AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**BACKGROUND**

On October 18, 2006, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends his criminal sentence violates his Sixth Amendment right to a jury trial and the principles announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005). Pending before the court is the Report & Recommendation ("R&R") of the Honorable Anthony J. Battaglia, United States Magistrate Judge, which recommends that the petition be denied. Petitioner filed timely objections.

On January 20, 2004, Petitioner was convicted by a jury in San Diego Superior Court for kidnaping in violation of Penal Code § 207, carjacking in violation of Penal Code § 215, and unlawfully taking and driving a vehicle in violation of Vehicle Code § 10851. The judge sentenced

/ / /

/ / /

1 Petitioner to the upper term of 9 years[1] for carjacking, doubled to 18 years based on a prior strike
2 conviction, an additional 5 years on the basis of a prior serious felony conviction, and an additional
3 1 year for a prior prison conviction.  Petitioner was thus sentenced to 24 years total.   The judge
4 selected the upper term on the basis of three aggravating factors: (1) Petitioner committed a kidnaping
5 in the course of the carjacking ; (2) Petitioner had violated his parole or probation in this past; and (3)
6 Petitioner's overall criminal record.

7 Petitioner now challenges his conviction on the ground that his upper term sentence violated
8 his Sixth Amendment rights.  The California Court of Appeal had rejected this argument on direct
9 appeal, citing People v. Black, 35 Cal.4th 1238 (2005).  The California Supreme Court denied review
10 without explanation.  Lodgment 10.  In Black, the California Supreme Court held that California's
11 Determinate Sentencing Law ("DSL"), which requires a sentencing judge to select the middle term
12 unless the judge finds aggravating factors by a preponderance of the evidence which allow imposition
13 of the upper term, did not violate the Sixth Amendment and the rules announced in Apprendi, Blakely,
14 and Booker.  Id. at 1254.

15 After Respondent filed its response to the present petition but before Petitioner filed his
16 traverse, the Supreme Court decided Cunningham v. California, 127 S.Ct. 856 (U.S. Jan. 22, 2007),
17 and vacated Black.  Black v. California, 127 S.Ct. 1210 (U.S. Feb. 20, 2007).  Cunningham held that
18 the DSL was inconsistent with the Sixth Amendment and Apprendi, Blakely, and Booker.
19 Cunningham, 127 S.Ct. at 871. In his traverse,  Petitioner argued that because his Sixth Amendment
20 challenge was rejected by the California courts on the basis of Black, a decision now vacated, his
21 petition should be granted.  The R&R concluded sua sponte that Cunningham does not apply
22 retroactively under Teague v. Lane, 489 U.S. 288 (1989), and because Cunningham, decided on
23 January 22, 2007, was decided after Petitioner's conviction became final on March 9, 2006,
24 Cunningham provides no basis for relief in this case.  The R&R therefore recommended that the
25 petition be denied.  Petitioner filed timely objections on the retroactivity issue.
26 / / /
27

28 [1] The crime of carjacking permits a sentence of three years (low term), five years (middle term), or nine years (upper term).  Cal. Penal Code § 215(b).

**DISCUSSION**

The duties of the district court in connection with a magistrate judge's R&R are set forth in the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1312-13 (9th Cir. 1981). The magistrate's conclusions of law are reviewed de novo, regardless of whether any party has filed objections thereto. See Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007). "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).

The court will now conduct a de novo review of that portion of the R&R to which Petitioner objects. In his objections, Petitioner argues that Cunningham did not announce a new, non-retroactive rule under Teague, but merely applied existing precedent to invalidate California's sentencing scheme. Therefore, according to Petitioner, this court has the power to apply Cunningham to this case.

The court finds Petitioner's objection to be without merit. The argument that the DSL was already invalid under United States Supreme Court precedent at the time his conviction became final, and that Cunningham merely announced the pre-existing invalidity of the DSL, is unpersuasive. Black, the controlling California Supreme Court decision at the time Petitioner's conviction became final, also applied existing federal precedent (Apprendi, Blakely, Booker) to the DSL and concluded that California's DSL presented no Sixth Amendment concern. Black, 35 Cal.4th at 1255-64. Petitioner's arguments in the instant case were squarely addressed and rejected in Black. Therefore, the California Court of Appeal's denial of Petitioner's Sixth Amendment challenge was not contrary to, nor was it an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

Petitioner also states in his objections that the issue of whether Cunningham is retroactive was not raised by either party and therefore neither party has had opportunity to brief the question. The court, however, has discretion to raise the Teague retroactivity question sua sponte. See Caspari v. Bohlen, 510 U.S. 383, 389 (1994); Webster v. Woodford, 369 F.3d 1062 (9th Cir. 2004). Although

the retroactivity of Cunningham has not yet been addressed in the Ninth Circuit, the R&R's retroactivity analysis sound.[2] The R&R reasoned that because "Cunningham relied heavily on the new procedural rule announced in Blakely", and because the Ninth Circuit has already decided that Blakely is not retroactive, then Cunningham is also not retroactive. R&R at 5-6; Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005) (holding that Blakely does not apply retroactively). The R&R further reasoned that

> As in *Blakely*, the decision in *Cunningham* shifted decision-making authority previously held by judges to juries, making it a procedural rule rather than a substantive rule. Furthermore, a change in law that requires juries rather than judges to make the factual findings on which a sentence is based does not announce a watershed rule in criminal procedure. Schardt, 414 F.3d at 1036. Thus, Cunningham does not fall under the watershed rule of criminal procedure exception to nonretroactivity.

R&R at 6. Although "the fact that a court says that its decision is within the 'logical compass' of an earlier decision, or indeed that it is 'controlled' by a prior decision, is not conclusive for purposes of deciding whether the current decision is a 'new rule' under Teague", Butler v. McKellar, 494 U.S. 407, 415 (1990), it is likely the Ninth Circuit would find that Cunningham does not apply retroactively given the trend in Sixth Amendment jurisprudence.

**CONCLUSION**

For the foregoing reasons, Petitioner's objections are **OVERRULED**. The court hereby **ADOPTS** the findings and recommendations of the R&R in full. Accordingly, the petition is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 26, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:   Magistrate Judge Battaglia
      All Parties

---

[2] One district court, in an unpublished decision, has also found that Cunningham is not retroactive. See Dropalski v. Stewart, 2007 WL 963989 (W.D. Wash. Mar. 28, 2007).